# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ILLUMINA, INC. and ILLUMINA CAMBRIDGE LTD., <br><br> Plaintiffs, <br><br> v. <br><br> COMPLETE GENOMICS, INC. <br><br> Defendant. | Case No. 12-cv-1465 BEN(BGS) <br><br> **STIPULATED DOCUMENT PRODUCTION ORDER** |

Plaintiffs and Counterclaim-defendants ILLUMINA, INC. and ILLUMINA CAMBRIDGE LTD., and Defendant and Counterclaim-plaintiff Complete Genomics, Inc. agree that this proposed Stipulated Document Production Order ("Production Order") shall govern the Parties in the above-captioned case (the "Litigation").

**I. GENERAL PROVISIONS**

    **A.** The Parties will make reasonable efforts to prepare responsive and non-privileged data for production in accordance with the agreed-upon specifications set forth below. These specifications apply to hard copy documents and electronically stored information ("ESI") that are to be produced in this Litigation. The parties may agree in writing to amend any of the specifications set forth in this Order without seeking leave of Court.

**B. SECURITY.** The Parties will make reasonable efforts to ensure that any productions made are free from viruses and may be provided on encrypted media.

**C. CONFIDENTIALITY DESIGNATION.** Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Stipulated Protective Order in this matter. Each responsive document produced in native format will have its confidentiality designation identified in the filename of the native file.

**D. PRODUCTION MEDIA.** Documents shall be produced on readily accessible external hard drives, DVD, or CD disks ("Production Media"). When reasonably feasible, each piece of Production Media shall be labeled with (1) the producing Party's name; (2) the production date; and (3) the Bates Number range of the materials contained on the Production Media.

**E. PREVIOUS PRODUCTIONS.** The Parties are currently engaged in another patent infringement lawsuit regarding a different Illumina patent, *Illumina, Inc. v. Complete Genomics, Inc.*, Case No. 3:10-cv-05542-EDL (N.D. Cal.) (the "N.D. California Case"). In an effort to reduce the document production burden on the Parties in this case, the Parties agree to meet and confer regarding a procedure to make the same documents produced in the N.D. California Case available to the Parties in this case. This provision does not apply to documents produced by third parties in the N.D. California Case.

## II. DATA PROCESSING

**A. DEDUPLICATION.** To the extent reasonably feasible, the Parties will de-duplicate responsive ESI across Custodians. De-duplication may be done automatically via standard techniques such as those based on MD5 or SHA-1 hash values.

*/ / /*

*/ / /*

**III. GENERAL PRODUCTION SPECIFICATIONS**

    **A. FORMAT.** To the extent feasible, documents (whether originating in electronic or hard copy format) shall be produced as single page TIFF files, documents originating in hard copy format shall be converted to TIFF images by scanning with at least 300 dots per inch (dpi). Each TIFF image shall be named according to the corresponding Bates number associated with the document. Each image shall be branded according to the Bates number and given a confidentiality designation, if applicable. TIFFs shall show all text and images that would be visible to a user of the hard copy documents.

    **B. TEXT TO BE PROVIDED WITH IMAGE FILES.** For each document, extracted or optical character recognition ("OCR") text shall be provided. To the extent possible, the text of native files should be extracted directly from the native file. If a document has been redacted, OCR of the redacted document will suffice in lieu of extracted text. Extracted or OCR text may be included in the database load files or in separate files, so long as it is provided in such a manner that it can be loaded into commercially acceptable production software (*e.g.*, Concordance, Summation, Ipro).

    **C. DATABASE LOAD FILES/CROSS-REFERENCE FILES.** Production shall include a data load file and an image load file in a reasonable format specified by the requesting party, or, if no request is made in a format that can be loaded into commercially acceptable production software (*e.g.*, Concordance, Summation, Ipro).

    **D. BATES NUMBERING**. All images must be assigned a unique Bates number that is sequential within a given document and across the production sets.

    **E. REDACTION OF INFORMATION.** If documents are produced containing redacted information, the producing Party shall supply a list of the documents for any such claim(s) of redaction, indicating the grounds for the redaction and the

nature of the redacted material. During the course of the Litigation, an electronic copy of the original, unredacted data shall be securely preserved in such a manner so as to preserve without modification, alteration or addition the content of such data including any metadata therewith. The Stipulated Protective Order and rules of the Court in this case set forth the basis for the redaction of information.

F. **UNITIZING OF DOCUMENTS.** Distinct documents should not be merged into a single record, and single documents should not be split into multiple records (*i.e.*, documents should be unitized as kept in the ordinary course of business). The Parties will use reasonable efforts to unitize documents correctly.

IV. **PRODUCTION OF ELECTRONICALLY STORED INFORMATION**

A. **METADATA FIELDS AND PROCESSING.** E-discovery production under Federal Rules of Civil Procedure 34 and 45 shall not require metadata, other than as specified on Exhibit A attached, absent a showing of good cause. Any Metadata that is produced shall be formatted into a basic .txt, .dat or .csv file with delimiters appropriate for use with commercially acceptable review software (*i.e.*, a load file). Parties may request native files be produced as described in Section IV.D. below.

B. **SPREADSHEETS.** The parties will produce Excel spreadsheet files in native format.

C. **PROPRIETARY FILES.** To the extent a response to discovery requires production of ESI accessible only through proprietary software, the Parties should continue to preserve each version of such information. The Parties shall meet and confer to finalize the appropriate production format.

D. **REQUEST(S) FOR ADDITIONAL NATIVE FILES.** If good cause exists to request production of specified files, other than those specifically set forth above, in native format, the Party shall request such production and provide an explanation of the need for native file review. The Parties shall work together to provide documents in reasonable useful format.

## V. PROCESSING OF THIRD-PARTY DOCUMENTS

**A.** A Party that issues a subpoena requesting the production of documents ("Issuing Party") shall include a copy of this Document Production Order with the subpoena and state that the Parties to the Litigation have requested that third-parties produce documents in accordance with the specifications set forth herein.

**B.** The Issuing Party shall ensure that any documents it obtains pursuant to a subpoena are produced to all Parties.

**C.** If the non-party production is not Bates-stamped, the Issuing Party will endorse the non-party production with unique prefixes and Bates numbers prior to producing them to other Parties.

**D.** Nothing in this stipulation is intended to or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the Parties or third parties to object to a subpoena.

## VI. SEARCHING AND SCOPE OF PRODUCTION

**A. SOURCES.** In responding to general requests under Federal Rules of Civil Procedure 34 and 45 that call for the production of ESI, the Parties will search central repositories, such as shared network drives, document databases, and shared documents and files held by individuals who are designated as being responsible for the maintenance and safekeeping of such documents on behalf of the company. In general, the Parties shall not be required to search email or other forms of electronic correspondence or custodial ESI in responding to such requests except as described in Section VI.C below.[1]

**B. SOURCES THAT NEED NOT BE SEARCHED.** The following locations will not be searched under any circumstances, and as such need not be preserved, absent

---

[1] As used herein, "custodial ESI" refers to ESI that is in the possession of an individual custodian, rather than in central repositories.

a Court order upon showing of good cause: personal digital assistants, mobile phones, voicemail systems, instant messaging logs, and automated disaster recovery backup systems and/or disaster recovery backup tapes. In addition, the parties agree that with respect to documents that automatically "autosave," only the most recent version of such documents need be searched.

C. **EMAIL AND CUSTODIAL ESI REQUESTS.** To obtain email or custodial ESI beyond that stated in section VI(A) above, the Parties must propose and agree on custodians, search terms/phrases, and time frames. The Parties shall cooperate to identify the proper custodians subject to these requests and proper search terms/phrases and time frames. Email and custodial ESI production shall be limited to a total of no more than ten custodians and ten search terms/phrases per custodian per Party.

ILLUMINA'S STATEMENT: Illumina proposes that it first complete its production of inventor documents pursuant to Patent Local Rule 3.2 before the parties further meet and confer regarding the possibility that some or all of the ten inventors of the patent-in-suit may count as a single custodian if CGI deems keyword searches of the e-mail and custodial ESI of multiple inventors to be reasonably necessary. If the parties cannot reach agreement, they may seek the Court's guidance at that time.

CGI'S STATEMENT: CGI contends that it is likely all 10 inventors may have relevant information relating to the patent-in-suit. As such, CGI proposes that one custodian may include up to 10 inventors and count as a single custodian should CGI seek such discovery.

The Parties may jointly agree to modify this limit without the Court's leave. The search terms/phrases shall be narrowly tailored to the particular issues in the case and identified in the parties' document requests. Indiscriminate terms/phrases, such as the producing company's name or its product name, are inappropriate

unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases narrows the search and shall count as a single search term/phrase. A disjunctive combination of multiple words or phrases broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

  D. **COLLECTION METHODS.** The producing party need not employ forensic data collection or tracking methods and technologies, but instead may make electronic copies for collection and processing purposes using widely-accepted methods or methods described in manufacturers' and/or programmers' instructions, help menus, websites, and the like (e.g., .pst's, .zip's, etc.), except when and to the extent there is good cause to believe specific, material concerns about authenticity exist with respect to specific documents and materials. If the receiving party believes that there is such good cause, then the producing party and the receiving party shall meet and confer in good faith to determine the extent to which forensic and other data associated with the specific documents and materials should be produced.

VII. **MISCELLANEOUS PROVISIONS**

  A. **Objections Preserved.** Nothing in this Document Production Order shall be interpreted to require disclosure information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The Parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI.

*/ / /*

*/ / /*

**B.** Except as expressly stated, nothing in this order affects the Parties' discovery obligations under the Federal or local rules.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: October 11, 2012

_____
Hon. Bernard G. Skomal
United States Magistrate Judge

**Exhibit A**

| Field | Notes |
|---|---|
| BEGPROD | Production number for first page of document |
| ENDPROD | Production number for last page of document |
| BEGATTACH | Production number for first page of family |
| ENDATTACH | Production number for last page of family |
| PGCOUNT | Number of pages |
| DESIGNATION | Confidentiality designation |
| CUSTODIAN | Custodian or source of document |
| FROM | From (for e-mail messages) |
| TO | To (for e-mail messages) |
| CC | CC (for e-mail messages) |
| BCC | BCC (for e-mail messages) |
| SUBJECT | Subject (for e-mail messages) |
| DATESENT | Date Sent (for e-mail messages) |
| TIMESENT | Time Sent (for e-mail messages) |
| FILENAME | File name (for non-e-mail electronic docs) |
| DATECREATED | Date created (for non-e-mail electronic docs) |
| DATELASTMOD | Date last modified (for non-e-mail electronic docs) |
| TEXT | Extracted or OCR text |